William Ackman and Mary his wife, in right of said wife, *v.* Ernst Jaster and Emilie, his wife, Appellants.

*Contract—Rescission—Fraud—False representation.*

An intention to deceive and a false statement even on a material point will not overthrow a bargain, unless the statement was the means of producing it.

*Vendor and vendee—False representations—Mortgage—Evidence.*

At the trial of a scire facias on a purchase money mortgage the defendants claimed that the sale of the land for which the mortgage was given was effected by the false and fraudulent representations of the plaintiffs, the vendors, as to the quantity, quality and salability of the underlying coal. The defendants offered testimony for the purpose of proving that these representations were made and that they believed them to be true, but that they were in fact false. They did not offer to show that they relied on the alleged representations, and that they were thus prevented from making proper inquiry as to the truth of the alleged facts. They did show that they made no inquiries in the neighborhood in regard to the coal. *Held*, (1) that the defendant's offer of evidence was properly excluded; (2) that the fact that defendants made no inquiries in the neighborhood was not enough to supply the defect in their offer.

Argued Nov. 4, 1896. Appeal, No. 129, Oct. T., 1896, by defendants, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1894, No. 511, on verdict for plaintiffs. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Scire facias sur mortgage. Before WHITE, J.

At the trial when Mrs. Emilie Jaster was on the stand, defendants offered to prove by her that Mr. William Ackman, husband of Mrs. Ackman, conducted the negotiations for the sale, and was acting as the agent of his wife in making the sale; and that the sale was made by him for his wife; to be followed by testimony of the various representations made by said William Ackman, with intent to defraud and deceive, and that the defendants were deceived thereby.

By the Court: You must go further. You ought to state what the representations were, and for what purpose they were made.

By defendant's counsel: It is proposed to follow the fore-

going with testimony that William Ackman told the defendants, whilst acting as the agent and on behalf of his wife, that the coal contained in the coal bank, which was then not opened to inspection, was the best quality of Pittsburg coal, and that all the residents of Shousetown and the surrounding neighborhood purchased their entire supply of coal from this coal bank, and that the coal he had sold in previous years, and that the defendant could sell, would amount to $400 or $500 during each winter, which representations the defendants believed to be true, but which were as a fact entirely false.

Objected to as incompetent and irrelevant for the reason that no representations made by Mr. Ackman would affect the right of his wife, Mary Ackman, to recover in this case, unless they were shown to have been made with her express authority, or to have been made in her presence and not objected to by her, and for the additional reason that said representations, if made, would not constitute a defense in this action even if acquiesced in by Mrs. Mary Ackman herself, unless it be shown that those representations were relied upon exclusively by the defendants in making the purchase, and that they were deterred by those representations from making inquiry into the facts either concerning the farm or the coal underlying it.

By the Court: I will have to sustain the objection to this because your offer is not full enough. To which defendants except and bill sealed. [1]

The court charged in part as follows :

[Under the evidence in this case, gentlemen, I feel it my duty to instruct you that your verdict ought to be for the plaintiffs for the whole amount claimed in this case, $2,250, with the interest and costs. The counsel for plaintiffs presented certain points, but I need not answer them after my instructions to you.] [2]

Verdict and judgment for plaintiffs for $2,775.93. Defendants appealed.

*Errors assigned* were (1) ruling on evidence, quoting the bill of exceptions; (2) above instruction, quoting it.

*Thos. M. Marshall, Jr.*, with him *Frank P. Sproul*, for appellants.

*Henry A. Davis,* with him *C. Magee, Jr.,* for appellees, cited, Phipps v. Buckman, 30 Pa. 401.

PER CURIAM, January 4, 1897:

This scire facias was defended on the ground that the sale of the land, for the purchase money of which the mortgage in suit was given, was effected by the false and fraudulent representations of the vendors as to the quantity, quality and salability of the underlying vein of coal therein. On the trial the defendants offered testimony for the purpose of proving said representations, and that they believed them to be true, but that in fact they were false. It was objected that the offer was insufficient in that the defendants did not propose to show that they relied on the alleged representations, and were thus prevented from making proper inquiry as to the truth of the alleged facts. The offer, objections and ruling thereon are fully recited in the first specification. The learned trial judge sustained the objections and excluded the offer on the ground that it "is not full enough." In this, we think there was no error. As was said by Mr. Justice PORTER, in Phipps v. Buckman, 30 Pa. 401, "The weight of modern authority preponderates in favor of the principle that an intention to deceive, and a false statement even on a material point, will not overthrow the bargain unless the statement was the means of producing it." The admission of evidence on behalf of the defendants to the effect that they made no inquiries in the neighborhood in regard to the coal was not enough to supply the defect in their offer.

The defendants' offer having been properly excluded, it follows that there was no error in giving the binding instruction recited in the second specification.

There appears to be nothing in the record that requires further comment.

Judgment affirmed.