## Hook *v.* Welch, Appellant.

*Contract—Partnership—Sale of partnership interest—Agreement to assume debt.*

Where one of two partners sells his undivided one-half interest in a partnership, and the purchaser assumes in writing "the payment of the undivided one-half of the indebtedness of the said partnership consisting of about $6,500 in the form of notes and book accounts," the purchaser is bound to pay not the half of the lump sum of the indebtedness, but an undivided half of each and every account as to which the seller was personally liable. In such a case there is no burden on the seller to prove that the purchaser had not paid one-half of the firm indebtedness, if he shows he has been compelled to pay two individual accounts, and sues to recover one-half of such payment.

In suing on a contract to recover damages it is sufficient to prove a breach and it is not necessary to show that the contract was broken in its entirety. If an affirmative contract to perform a duty is proved, it is incumbent on the person bound to perform the duty to prove performance.

Every agreement is to be construed with reference to the circumstances under which the parties contract.

A provision in a contract capable of two interpretations should be most strongly construed against the person whose undertaking it is.

Argued April 9, 1917. Appeal, No. 138, April T., 1917, by defendant, from judgment of C. P. Erie Co., May T., 1914, No. 155, on verdict for plaintiff in case of

W. H. Hook v. F. J. Welch.   Before ORLADY, P. J., POR-
TER, HENDERSON, HEAD, KEPHART, TREXLER and WIL-
LIAMS, JJ.   Affirmed.

Assumpsit on a contract of indemnity.

At the trial it appeared that prior to September 8,
1910, W. H. Hook was in partnership with one George H.
Copeland, each having an undivided one-half interest,
trading under the name of the Copeland Drug Company.
On September 8, 1910, W. H. Hook sold to F. J. Welch
his undivided interest in the partnership.   Welch by an
agreement in writing to assume the payment of the un-
divided one-half of the indebtedness of the partnership
consisting of about $6,500 in the form of notes and
book accounts.   Subsequently John D. Park and Sons
brought suit against Hook on a partnership claim of
$1,435.   Hook compromised this by paying $250.   An-
other partnership creditor also brought suit against
Hook for $124.25.   Hook compromised this by paying
$41.25 and costs of $6.66.   He claimed to recover these
amounts in this suit.   Other facts appear by the opinion
of the Superior Court.   The jury returned a verdict for
$186.62 which was apparently about one-half the amount
of the items for which suit was brought.   Defendant ap-
pealed.

*Error assigned* was in refusing binding instructions
for defendant, and portion of the charge quoted in the
opinion of the Superior Court.

*Charles F. Haughney,* for appellant.

*S. Y. Rossiter,* for appellee.

OPINION BY WILLIAMS, J., July 13, 1917:

This was an action of assumpsit on a contract of in-
demnity.

In September, 1910, defendant bought from plaintiff

an undivided one-half interest in a partnership. The agreement of sale contained, inter alia, the following: "It is understood that the said F. J. Welch assumes the payment of the undivided one-half of the indebtedness of the said Copeland Drug Company consisting of about sixty-five hundred dollars in the form of notes and book accounts,......" The firm subsequently discontinued business.

Plaintiff testified that he had been compelled to pay $299.66 to creditors of the partnership; that, when defendant bought his interest, the books were examined and he offered to give an itemized list of the liabilities, but defendant said it was unnecessary; and that the items paid by him were on the books at that time.

Defendant's witnesses testified that the accounts were not on the books at the time; that, after the transfer of plaintiff's interest to defendant, the latter made great efforts to realize on accounts and pay the debts out of the receipts of the business; that subsequently he paid $1,500 on the debts when the partnership was dissolved; and that the debts totalled $8,700 when the transfer took place.

In rebuttal plaintiff testified that the debts amounted in all to $6,700 in September, 1910.

The testimony raised questions of fact which were left to the jury, the court charging inter alia, as follows: "We also believe that under this agreement that Mr. Welch would be bound to pay not only half of the lump sum of the indebtedness, but he would be compelled to pay an undivided half of each and every account. The reason and spirit of the contract is to relieve Mr. Hook of the payment of a one-half of the individual accounts against the company, and we believe that this is the proper construction to be placed upon that clause of the agreement." A verdict for $186.62 was rendered upon which judgment was entered.

Defendant appealed and assigned as error the above

portion of the charge, together with the refusal of the court of his motion for judgment n. o. v.

Appellant contends that plaintiff had the burden of proving that defendant had not paid one-half of the firm indebtedness, and that this constituted a failure to make out a prima facie case. In suing on a contract to recover damages it is sufficient to prove a breach and it is not necessary to show that the contract was broken in its entirety. If an affirmative contract to perform a duty is proved it is incumbent on the defendant to prove performance: 9 Cyc. 761. Defendant failed to do this. His undertaking with plaintiff was a personal one. He proved that the firm paid a large part of the debts; that he paid $1,500, and that Copeland undertook to pay $4,000, or thereabouts. He did not deny that the amounts plaintiff had paid were partnership debts. His position was that they were debts which were not included in those he had agreed to pay. As to this, the verdict of the jury is conclusive against him.

Every agreement is to be construed with reference to the circumstances under which the parties contract: Perry v. Payne, 217 Pa. 252. At the time of the sale, Copeland was solvent and the only liability of plaintiff was for his one-half of the debts of the firm. The agreement uses the article "the" in describing the indebtedness, and not "an," which means plaintiff's share of the indebtedness. A provision in a contract capable of two interpretations should be most strongly construed against the person whose undertaking it is: Bole v. New Hampshire Fire Ins. Co., 159 Pa. 53.

Defendant did not produce evidence to show he had paid half of the indebtedness; nor that the amounts paid by the firm were not subsequently accruing debts; nor that Copeland was insolvent and unable to make contribution; nor the intention of the parties was that he should assume any part of the debts of the company he chose. The converse of these propositions would be the

logical conclusion from the evidence. There being material facts in dispute, judgment could not have been entered n. o. v.

The judgment is affirmed.