# Duncan et al. *v.* Pittsburgh-Florida Fruit Growers Assn., Appellant.

*Equity—Parties—Multifariousness — Contract — Accounting — Practice, equity—Equity rules—Discretion of court.*

1. Where the owner of a tract of land suitable for fruit trees sells it in lots to a large number of purchasers so that each person takes his lot in severalty, and the seller agrees to plant trees and cultivate the whole tract for a stated number of years, and thereafter for each year to account to the purchaser for the proceeds of the crop on the whole tract, certain of the purchasers may join in a bill in equity against the seller for an accounting without all of the purchasers being made parties to the suit.

2. In such case it is immaterial that the entire crop was to be pooled, if it appears that under the terms of the contract each purchaser was individually entitled to receive out of the crop his proportion of the average price from the average crop without relation to any other person.

3. Rule 27 of the old rules of equity practice, did not require plaintiff to set down the case for argument within fourteen days after an answer is filed suggesting that the bill is defective for want of proper parties.

4. If plaintiff does not set down the case for argument, and at the trial the court refuses to sustain the objection of defendant as to want of parties, such refusal must be treated as a decision under Rule 22, that the court in its discretion dispensed with making all of the unnamed ones parties, and as giving leave to plaintiff to proceed in the suit.

*Contract—Construction—Doubt—Cultivation of land—Period of years—Computation of time—Accounting.*

5. Where the construction of a contract in writing is doubtful, the doubt will be resolved against the party who prepared the writing.

6. Where a seller of land agrees with the purchaser to plant fruit trees thereon within one year and to cultivate them for six years, and then begin to account for the crops, the planting year will be included in the computation of the six years, if a construction of the agreement shows that such was the intention of the parties.

Argued January 19, 1925. Appeal, No. 43, March T., 1925, by defendant, from decree of C. P. Allegheny Co., Jan. T., 1923, No. 469, on bill in equity, in case of H. G. Duncan et al. v. Pittsburgh-Florida Fruit Growers Assn. Before Moschzisker, C. J., Frazer, Walling, Simpson, Sadler and Schaffer, JJ. Affirmed.

Bill in equity for accounting. Before Carpenter, J. The opinion of the Supreme Court states the facts. Decree for plaintiffs. Defendant appealed.

*Error assigned* was, inter alia, decree, quoting it.

*George R. Wallace,* of *Wallace & Patterson,* for appellants, cited as to question of sufficient parties: Mathews v. Stephenson, 6 Pa. 496; Lance's App., 112 Pa. 456; 1 Corpus Juris 631.

*Elverton H. Wicks,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, March 16, 1925:

Defendant was the owner of a tract of land in the State of Florida containing 640 acres, suitable for the raising of citrous fruits. The fourteen plaintiffs are purchasers from it of lots of five acres each under a contract with defendant obliging it to plant the lots in citrous fruits, to take care of them for a certain number of years and after six years from the date of planting to market the crops. Defendant was to be compensated during the years that it marketed the crops by a commission of ten per cent on the gross sales; the balance after the deduction of certain expenditures in connection with producing and marketing the crop was to be turned over to plaintiffs.

This proceeding is by bill in equity brought by plaintiffs to compel an accounting for the year 1921, their contention being that defendant was required to account to them for the proceeds of the crop raised in that year. The position of defendant is that under the terms of the contract it is not required to account for the crops produced in the year 1921 and that its duty to account for and pay over the proceeds of the fruit marketed from plaintiffs' several tracts does not begin until the year 1922. The court below construed the contract as contended for by plaintiffs and directed an accounting. From this decree defendant appeals and argues, as a preliminary question, that plaintiffs cannot maintain their bill because of a lack of necessary parties, it appearing that about seventy persons purchased groves on the tract in question and but fourteen join as plaintiffs in the bill. Appellant calls attention to the terms of the contract, under which it was agreed that all crops grown upon the tract and upon the land sold to the respective purchasers "are to be pooled with respect to the age of the trees and marketed" by it, that the "price of said crops from trees planted in the same year are to be averaged" and the purchasers "shall each receive the average price from the average crop." It is urged that

each grove owner is entitled only to his proportionate share of a joint or common fund, and, that under the rules governing bills for accounting, under such circumstances, all persons who purchased lots on the tract should be joined as parties plaintiff.

Each of the plaintiffs as the purchaser of a lot acquired it in severalty and had no interest in any other lot; his right to receive the avails of his property was not linked up with the right of any other person as an owner of another particular piece of ground. While it is true the entire crop was to be pooled and to be accounted for in the method prescribed in the contract, when the amount which defendant was entitled to take out of the pool had been subtracted therefrom, each grove owner whose fruit had contributed to the pool was individually entitled to receive out of it his proportion of the average price from the average crop without relation to any other person. Under these circumstances, we think it would not be equitable to hold that until all the purchasers asserted a right to account, none could do so; if such should be our conclusion, then one purchaser could prevent the assertion and vindication of the rights of all others.

The objection made by appellant in the court below, and embodied in the first assignment of error, that the court could not proceed further "for the reason it appears on the face of the bill that plaintiffs are asking for an accounting from defendant in relation to a fund in which they are jointly interested with others not made parties to the suit, and there is no pleading in the bill to sustain the jurisdiction of the court under these circumstances," is of no avail. Rules 22 and 27 of the old Rules of Equity Practice in force at the time of the trial, govern the situation. They are as follows: "Rule 22. Where the parties on either side are very numerous and cannot without manifest inconvenience and oppressive delays in the suit be all brought before it, the court in its discretion may dispense with making all of them

parties, and may proceed in the suit, having sufficient parties before it to represent all the adverse interest of the plaintiffs and defendants in the suit properly before it. But in such cases the decree shall be without prejudice to the rights and claims of all the absent parties." "Rule 27. Where the defendant shall, by his answer, suggest that the bill is defective for want of parties, the plaintiff shall be at liberty, within fourteen days after answer filed, to set down the cause for argument upon that objection only; and the purpose for which the same is so set down shall be noted by an entry to be made in the equity docket, in the form or to the effect following, that is to say: 'Set down upon the defendant's objection for want of parties.' And where the plaintiff shall not set down his cause, but shall proceed therewith to a hearing, notwithstanding an objection for want of parties taken by the answer, he shall not at the hearing of the cause, if the defendant's objection shall then be allowed, be entitled as of course to an order for liberty to amend his bill by adding parties. But the court, if it think fit, shall be at liberty to dismiss the bill." Under the former rule it was in the discretion of the court below to determine whether there was a sufficient excuse for not joining all of those interested, where, as here, the parties are numerous, if, as is also unquestionably true, all the adverse interests are properly represented. Rule 27 did not require plaintiff to set down the case for argument within fourteen days after answer filed, but merely permitted this course to be pursued. If it was not, and "if the defendant's objection shall, then [viz, at the trial] be allowed," the court was at liberty to give leave to amend or to dismiss the bill. At the trial appellant could have raised these questions and had them directly decided, but it did not do so; and the court's refusal to sustain the objection as it was made, must be treated as a decision under Rule 22, that "in its discretion" it dispensed "with making all of them [the

unnamed ones] parties," and as giving leave to plaintiff to "proceed in the suit."

This brings us to the second and real question in the case: "Were the plaintiffs entitled to an account for the fruit produced from their lands for the year 1921 or was the defendant not required to account until the 1922 crop was marketed? The agreement in its second paragraph provided that the company shall "thoroughly clear the land herein described and plant the same within one year from the date hereof with 250 grapefruit trees, and carefully, intelligently and properly care for, fertilize and cultivate said citrous growth in the most approved and thorough manner for a period of six years from the date of planting the said land." The third paragraph obliged the defendant "to pick, gather, pack, ship and market the sixth year crop from said grove and from and after the expiration of six years *from the date of planting,* to fertilize, plant and care for said grove, and pick, gather, pack, ship and market the crop therefrom, for a period of ten years, the expense thereof, as well as ten per cent of the gross sales in payment for the work, labor and effort of the party of the first part [defendant] connected therewith to be paid by the party of the second part and deducted out of the proceeds of the crop," with a further provision that, upon receipt of the proceeds from the sale of the crops and after making all deductions provided for in the agreement, appellant should pay the balance to the party of the second part, the purchaser. The contract also provided, however, that "all crops grown upon land owned by the party of the first part and all crops grown upon the land herein described [that of the purchaser] and all crops grown upon the land sold by the party of the first part under contract similar to that between the parties hereto for the term of eleven years beginning *with the sixth year crop from this grove* are to be pooled with respect to the age of the trees and marketed by the party of the first part"; the

words are "beginning with" not "after" the sixth year. It is conceded that the trees were planted on the various lots in the year 1916 and the sixth year was therefore the year 1921, not 1922, just as it would be said that a child is in its sixth year when it has passed its fifth birthday. Moreover, if this provision of the contract be doubtful, the doubt is to be resolved against the defendant, as it prepared the written agreement: White v. Smith, 33 Pa. 186, 189; Hook v. Welch, 67 Pa. Superior Ct. 297, 300; Wier v. American Locomotive Co., 215 Mass. 303, 102 N. E. 481; Tate-Jones & Co., Inc., v. Union Electric Steel Co., 281 Pa. 448; Williston on Contracts (1920 ed.) vol. 2, sec. 621; 13 Corpus Juris, page 544 et seq. The defendant agrees that it was its duty to cultivate the land for a period of six years, but takes no account of the fact that one of the years in which this was required was the year of the planting. The last year of this period was the first year in which there would be any crop for the purchaser, but this last year was that of the "sixth year crop," the year 1921, when account is taken of the fact that the ground had to be cultivated in 1916.

We think the court reached the correct conclusion in determining that the defendant must account for the proceeds of the crop for the year 1921.

The assignments of error are all overruled and the decree affirmed at appellant's cost.