## BOYLE–FARRELL LAND CO. v. STANDARD ACC. INS. CO.

Circuit Court of Appeals, Eighth Circuit.
January 25, 1928.

No. 7719.

1. Insurance ⏧435—To warrant recovery under employer's liability policy, injured employee must have been engaged in business covered by policy.

To warrant recovery under an employer's liability policy, the injured employee not only must have been covered by the policy, but must at time of injury have been engaged in business insured thereby, or in some work incidental thereto.

2. Insurance ⏧435—Injuries to employee of logging company, while riding on logging train returning home from treatment by company's physician, held not within employers' liability policy.

Injuries to employee of logging and lumber company, occurring as result of train wreck when employee was being taken on log train from town where he received treatment from company's physician to his home at logging camp, held not within employers' liability policy, covering injuries accidentally sustained by reason of operation of its business, which was defined to be "all work incidental to the manufacture of lumber," including riding on logging railroad to and from work, and the fact that person injured was employee did not of itself establish liability.

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Action by the Boyle-Farrell Land Company against the Standard Accident Insurance Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Charles T. Coleman, of Little Rock, Ark. (Walter G. Riddick, of Little Rock, Ark., on the brief), for plaintiff in error.

Price Shofner, of Little Rock, Ark., for defendant in error.

Before STONE, Circuit Judge, and REEVES and OTIS, District Judges.

REEVES, District Judge. Plaintiff in error was plaintiff and defendant in error was defendant in the trial court, and these designations will be used in this opinion. Plaintiff was denied recovery in a suit upon a policy of insurance designated as "employers' liability," and brings error.

On the 17th day of February, 1921, and previously, plaintiff was and had been engaged in the operation of a sawmill and the manufacture of lumber at Farrell, in the state of Arkansas. Its mill was located at Farrell, but it cut its own logs in the forests, and used its own trains in hauling such logs to its mill plant. It had a number of employees, both at the plant at Farrell and in its logging camps in the forests, some six to eight miles distant. On the date mentioned, the policy sued on was issued. Said policy undertook "to indemnify the assured named and described in the declarations against loss from the liability imposed by law, * * * for damages on account of bodily injuries * * * accidentally sustained by reason of the operation of the * * * business hereinafter described, by any employee * * * of the assured while within the factories, shops or yards described in said declarations, or upon the sidewalks or other ways immediately adjacent thereto, provided for the use of such employees or the public. * * * "

"The business operations to be insured" were defined in the following language: "All work incidental to the manufacture of lumber, including operations of logging railroads, maintenance and extension of lines, and all repair work; also including contractors, subcontractors and their employees (employees of the assured riding on logging railroad to and from work covered by this policy), logging railroad operations, including hauling of freight and switching, and all other employees except office and store employees."

The foregoing excerpts from the policy are alone pertinent to the issues here raised.

On the 6th day of August, 1921, one Otis J. Haynes, who had been in the employ of the plaintiff as a log cutter, was living in one of its logging camps, six to eight miles from the mill plant at Farrell. Said Haynes had been ill, and was not on that day, and had not been for some days previously, engaged in his work as a log cutter. Under his contract of employment with the plaintiff, he was entitled to have medical and surgical attention in case of illness or accident. For the benefit of such medical treatment, it was necessary for him to go to Farrell, where the company's physician had his office. The physician was compensated by a uniform deduction from the wages of the employees. Haynes claimed and was granted the privilege of riding on a log train from the logging camp to Farrell. After receiving treatment

and medicine from the company's physician at Farrell, Haynes bought some groceries and took passage on a log train for his return trip to his home at the company's logging camp. On this return trip, the train was wrecked, and Haynes was seriously and permanently injured. He sued the plaintiff for damages accruing to him, because of the train wreck and recovered judgment in the sum of $18,500, which has been paid. This judgment was affirmed by the Supreme Court of Arkansas (161 Ark. 183, 256 S. W. 43) in an opinion which properly held, among other things, that "an employee riding on a train or other mode of transportation pursuant to contract with his employer is entitled to the exercise of ordinary care for his safety, and when injured on account of negligence he may recover damages."

At the trial of the instant case, a jury was waived and the cause submitted to the court upon an agreed statement of facts and upon the pleadings and evidence "in the original case of Haynes v. Boyle-Farrell Land Company." The opinion of the Supreme Court of Arkansas in the Haynes Case was also submitted as a part of the agreed statement of facts. There had been a full compliance with the requirements of the policy in the matter of notice, so that the only question presented was as to the liability on the merits of the case.

The liability of the plaintiff in the damage suit, brought by Haynes, was predicated upon the proposition that his contract of employment entitled him to passage on the log train that was wrecked, that in the act of transportation the company owed him the duty to exercise care for his safe carriage, and that it had failed in the performance of this duty.

[1, 2] 1. At the time of the accident, the employee was admittedly not engaged in his specific occupation as a log cutter. The defendant insured plaintiff against loss for damages on account of bodily injuries accidently sustained by reason of *the operation of its business*. Such operation was defined to be "all work incidental to the manufacture of lumber, including operations of logging railroads, maintenance and extension of lines and all repair work; also including contractors, subcontractors and their employees (employees of the assured riding on logging railroad to and from work covered by this policy), logging railroad operations, including the hauling of freight and switching, and all other employees except office and store employees."

A reasonable interpretation of this provision would mean that recovery might be had where the employee accidentally sustained bodily injuries while engaged in work "incidental to the manufacture of lumber." Clearly Haynes was not engaged at the time of his injury in any work "incidental to the manufacture of lumber." He was doing no more than using the benefits of his contract of employment which entitled him to medical attention and treatment. In carrying out such contract, plaintiff undertook to transport him from its logging camp to Farrell and return. The policy in suit did not cover all the relations of employment, but limited the liability of the defendant to the relationship that existed while the employee was actually engaged in the work of his employment. To warrant recovery under an employers' liability policy, the injured employee must have been one not only covered by the policy but at the time "must have been engaged in the business thereby insured or in some work incidental thereto." 14 R. C. L. § 442; 36 C. J. 1082; Wollman v. Fidelity & Casualty Co., 87 Mo. App. 677; Rust Lumber Co. v. General Accident Assurance Corp., 134 La. 309, 64 So. 122.

2. It is the contention of the plaintiff that "the sole question involved in this case is whether or not Haynes was an employee at the time he was injured." Let it be conceded that he was such an employee, yet plaintiff would not be entitled to recover upon the facts in this case.

The contract of insurance did not undertake to insure the employees as such. The liability assumed was only for accidental injuries sustained in the operation of the business, which was defined as "all work incidental to the manufacture of lumber." Clearly, the injured employee was not engaged in work incidental to the manufacture of lumber, nor was he riding on the logging train to and from his work as stipulated in the policy. He was not engaged in the work of his employment when injured. The decision of the Supreme Court of Arkansas was not based upon the ground that Haynes was injured while engaged in work, but that he was being carried as a passenger as a part of his contract of employment.

The judgment of the trial court was correct, and should be affirmed. It is so ordered.