Rathblott *v.* Royal Indemnity Co., Appellant.

Argued November 30, 1932.   Before FRAZER, C. J.,
SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*A. T. Porteous,* of *Axelroth & Porteous,* for appellant.
—The burden of proof was not on defendant to prove

that the allegedly false statement in the policy was made by plaintiff: Buehler v. Fashion Plate Co., 269 Pa. 428; Bryant v. Bryant, 295 Pa. 146, 152; Suravitz v. Ins. Co., 261 Pa. 397; Swieczkowski v. Sypniewski, 294 Pa. 323; Skruch v. Ins. Co., 284 Pa. 299; Koppleman v. Ins. Co., 302 Pa. 106.

*Arthur S. Arnold,* with him *David S. Malis,* for appellee.—The order in which evidence is introduced is a matter within the discretion of the trial court: Corkery v. O'Neill, 9 Pa. Superior Ct. 335; Baldi v. Ins. Co., 30 Pa. Superior Ct. 213.

The assured is not bound by alleged misrepresentations which have been inserted in the policy carelessly or maliciously by the insurance company: Susquehanna Mut. Fire Ins. Co. v. Cusick, 109 Pa. 157; Kister v. Ins. Co., 128 Pa. 553; Dowling v. Ins. Co., 168 Pa. 234; Fidelity Title & Trust Co. v. Ins. Co., 305 Pa. 296.

OPINION BY MR. JUSTICE LINN, January 3, 1933:

This is a suit on a burglary insurance policy. Plaintiff made out a prima facie case by reading into the record from his statement of claim averments not denied in the affidavit of defense. Defendant had there alleged that plaintiff had executed a written application containing "certain statements and representations" that were "embodied in the schedule attached to and forming part of the policy" which was "conditioned upon and was issued by the defendant in reliance upon the truth of" the statements; that one statement (quoted later) was false, and, in consequence, defendant was not liable. Plaintiff filed a reply to the affidavit of defense denying that he signed a written application, averring that he had caused defendant's agent to be advised of a prior theft and of the collection of indemnity therefor, and denying knowledge of the statement in question in the policy until defendant called attention to it in rejecting his claim.

Defendant's counsel, at the trial, admitted that no written application was made, and that the contrary averment in the affidavit was a mistake. He was unable to prove that plaintiff had made any statement on the subject because defendant's countersigning agent had died. He offered to prove that plaintiff had suffered a prior burglary and had collected indemnity. The learned trial judge sustained plaintiff's objection to the proposed proof, being of opinion that, on the record as presented, appellant could not defend on the ground that the statement was false without first showing that it had been made by the plaintiff or some one by him authorized to make it. There was no error in that; the order of proof is largely in the control of the trial judge: Shade v. Llewellyn, 250 Pa. 456, 461, 98 A. 583. As defendant had no evidence to connect the insured with the statement, a verdict for the plaintiff was directed.

The statement in question is as follows: "10. The insured has not sustained any loss by burglary, theft or robbery, nor received indemnity for loss by burglary, theft or robbery, nor been declined burglary, theft, or robbery insurance, nor has such insurance been cancelled within the last five years, except as follows: No exceptions." It appeared in the policy itself under a heading "Schedule—(Statements of the Insured)." Each so-called statement was numbered; there were thirteen in all, some obviously not intended to be made by the insured. The photostatic copy, attached to appellee's brief, shows that the first ten consist of questions to be answered, or partial statements to be completed, by filling the blanks (which was done in typewriting) with data obtained by some one, presumably defendant's agent, from plaintiff or some one on his behalf. Those after the 10th are statements not made by, nor intended to be made by, the insured, notwithstanding the parenthetical description to that effect following the word "Schedule" already quoted.

What, then, is the effect the parties intended to attribute to statement number 10 as presented by the record? The policy begins as follows: "In consideration of the premium named, and of the statements contained in the schedule endorsed hereon and made part hereof," the company agrees to indemnify, etc. It may be noted (though perhaps this is unimportant) that the schedule was not endorsed on the policy, as stated, but was contained in it on the page on which was printed the executing signature of defendant's president and the written countersignature of its agent. But what is important is that the policy contains no agreement that the statement shall be a warranty or condition, or a representation of a material fact, the effect of which has been frequently considered. See Suravitz v. Prudential Ins. Co., 244 Pa. 582, 584 et seq., 91 A. 495, and 261 Pa. 390, 404, 104 A. 754; Kuhns v. N. Y. Life Ins. Co., 297 Pa. 418, 147 A. 76; Koppleman v. Com. Cas. Ins. Co., 302 Pa. 106, 153 A. 121. Certainly, if defendant's countersigning agent was advised that plaintiff had collected insurance for a prior burglary, it would seem to have been the agent's duty to note that fact in the blank provided for the purpose, and not to write therein "no exceptions," unless the parties agreed, as they were competent to do, that the fact should be immaterial to this insurance. That the parties may so have agreed is not an unreasonable inference from their failure to provide that defendant's liability should depend on the truth of the statements, that is, they should be considered material representations as construed in the cases cited above. The ambiguity must be taken against the defendant who prepared the policy: Duncan v. Pittsburgh, etc., Co., 282 Pa. 498, 504, 128 A. 441. Nothing in the record would justify the conclusion that plaintiff was not entitled to accept his policy in the belief that defendant had prepared it in accordance with the understanding of both. "The defendant cannot be released from its contract because the plaintiff, acting in good faith, accepted with-

out examination the policy written by its agent:" Dowling v. Merchants Ins. Co., 168 Pa. 234, 239, 31 A. 1087; also see Kister v. Ins. Co., 128 Pa. 553, 564, 18 A. 447; McGonigle v. Mutual Ins. Co., 168 Pa. 1, 31 A. 875; Koppleman v. Com. Cas. Ins. Co., supra; Fidelity Trust Co. v. Metropolitan Life Ins. Co., 305 Pa. 296, 300, 157 A. 614.

Judgment affirmed.