## METROPOLITAN CASUALTY INS. CO. OF NEW YORK v. BANKS.

### No. 5286.

Circuit Court of Appeals, Third Circuit.

Feb. 27, 1935.

Andrew B. Young, Lewis M. Stevens, and Stradley, Ronon, Stevens & Denby, all of Philadelphia, Pa., Walter L. Hill and O'Malley, Hill, Harris & Harris, all of Scranton, Pa., for appellant.

John H. Price and Cole B. Price, both of Scranton, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the Middle District of Pennsylvania. The sole question for determination by this court is one of construction of a contract entered into by the appellant, the Metropolitan Casualty Insurance Company, hereinafter referred to as Metropolitan, and the appellee, Joseph Banks, trading as the Joseph Banks Construction Company, hereinafter referred to as Banks.

The contract in suit recites in the preamble that Bryant & Kohl, Inc., entered into a contract with the state of Pennsylvania to construct a section of highway in Wayne county, Pa.; that Metropolitan was surety on the Bryant & Kohl, Inc., bond; that Bryant & Kohl, Inc., defaulted; and that Metropolitan thereby became obligated to complete the highway.

Prior to the execution of the contract in suit, Banks wrote to Metropolitan offering to complete the contract "as let to Bryant & Kohl" for the sum of $132,500. Subsequently the parties agreed upon $132,000 as consideration, and the contract in suit was executed. Paragraph 1 reads: "Contractor agrees to complete the said State Contract, which contract is made part hereto and incorporated in this agreement for the sum of One hundred thirty-two thousand Dollars ($132,000). * * *"

The Bryant & Kohl, Inc., contract contained a schedule of prices per unit of work. It was agreed in that contract that, if the state made changes and modifications in the specifications which increased the expense of the work, such expense would be paid by the state; but that, if the changes and modifications diminished the expense of the work, such diminution would be retained by the state. After Banks entered into the contract in suit, the state made changes and modifications which increased the expense in the amount of $238, based on the schedule of prices contained in the Bryant & Kohl, Inc., contract. The state paid Metropolitan this sum and Metropolitan in turn paid Banks. Other changes and modifications diminished the expense in the amount of $10,122.75, based on the same schedule of prices. The state deducted this amount from the sum due Metropolitan, and Metropolitan at the final settlement with Banks made a similar deduction. Banks brought suit against Metropolitan for $10,122.75, less $238. At the trial both parties asked for binding instructions. The District Court directed a verdict for Banks, and Metropolitan appealed from the judgment entered thereon.

Metropolitan contends that the contract in suit was subject to all the conditions contained in the Bryant & Kohl, Inc., contract, and that the deduction was therefore justified. The clause upon which Metropolitan relies provides as follows: "The specifications and drawings herein referred to may be modified and changed from time to time as may be agreed in writing between the Secretary and the Contractor in a manner not materially affecting the substance thereof, if such changes are necessary to carry out and complete more fully and perfectly the work agreed to be done and performed. If such changes and modifications increase the expense of the work, the increased expense will be paid by the State. If such modifications and changes diminish the expense of the work, the amount of said diminution may be retained or withheld by the State. No consequential loss or profit on work not executed shall be paid to the Contractor."

Metropolitan contends that we should find, as a matter of law, that the above provisions were incorporated in the contract in suit. It places great stress upon the offer by Banks to complete the contract "as let to Bryant & Kohl." That offer, however, ceased to be effective after the parties had reduced their agreement to a written contract purporting to contain all the terms of their undertaking. When the preliminary negotiations resulted in a written contract, their object was fulfilled. Gianni v. R. Rus-

sell & Co., Inc., 281 Pa. 320, 126 A. 791; Vito v. Birkel, 209 Pa. 206, 58 A. 127; Union Storage Co. v. Speck, 194 Pa. 126, 45 A. 48.

Metropolitan drafted the agreement, and therefore could have used appropriate words to provide that the total specified consideration was to be paid to Banks only in the event that no part of the specifications of the Bryant & Kohl, Inc., contract was omitted. Metropolitan could have availed itself of the language of the Bryant & Kohl, Inc., contract in which the consideration, varying according to the units of the work finally required by the state, was expressed as follows: "That the Contractor, for and in consideration of the payment or payments herein specified and agreed to by the party of the first part, hereby covenants and agrees to furnish and deliver all the materials and to do and perform all the work and labor in the improvement of a certain section of highway in Borough Preston and Mt. Pleasant Township, S Wayne County, Commonwealth of Pennsylvania, on Route No. ——, Application No. 5559, being approximately Twenty-four Thousand Eighty-nine (24,089) feet in length, at the unit prices bid by said Contractor for the respective estimated quantities, aggregating approximately the sum of One Hundred Forty-nine Thousand Eight Hundred Sixty-seven and 92/100 dollars ($149,867.92). * * *"

The trial judge could properly have been influenced by the rule of construction that, if a provision in a written contract is of doubtful meaning, the doubt is to be resolved against the party which drafted the agreement. Alcorn Combustion Co. v. Kellogg Co., 311 Pa. 270, 166 A. 862; Duncan v. Pittsburgh-Florida Fruit Growers' Ass'n, 282 Pa. 498, 128 A. 441; White v. Smith, 33 Pa. 186, 75 Am. Dec. 589. If Metropolitan intended the basic contract price of $132,000 to be diminished by so much as represented specifications no longer required by the state, it could and should have expressly so declared.

The reference to the Bryant & Kohl, Inc., contract might properly have been made for the purpose of indicating the work to be done and the date and amounts of payments. It is obvious that the amount of compensation agreed upon by the parties to the contract in suit was meant to differ from the compensation in the Bryant & Kohl, Inc., contract, for, whereas there was but $127,231.72 remaining due Metropolitan by the state, the contract in suit provided for $132,000 to be paid by Metropolitan to Banks.

When both parties asked for binding instructions, the trial court was made the judge of the facts as well as the law. Beuttell v. Magone, 157 U. S. 154, 15 S. Ct. 566, 39 L. Ed. 654; Springfield Fire & Marine Ins. Co. v. National Fire Ins. Co. (C. C. A.) 51 F.(2d) 714, 76 A. L. R. 1287. The trial judge refused to find as a matter of law or of fact that each and every provision of the Bryant & Kohl, Inc., contract was included in the contract in suit. We conclude that he did not err in directing a verdict for Banks.

Judgment affirmed.