[S. F. No. 15455. In Bank.—January 22, 1936.]

CALIFORNIA CASUALTY INDEMNITY EXCHANGE, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, etc., and DOROTHY MARIE MONAHAN et al., Respondents.

Daniel W. Burbank and C. L. Laumeister for Petitioner.

W. N. Mullen and Richard Barry, as *Amici Curiae* on Behalf of Petitioner.

E. A. Corten and A. I. Townsend for Respondents.

CONREY, J.—Proceeding upon writ of review to secure annulment of death benefit award made by Industrial Acci-

dent Commission in favor of the widow and child of Charles Monahan, deceased.

The facts are undisputed. On January 26, 1934, the said employee, a traveling salesman, in the course of his return from a northern sales trip, arrived at Santa Rosa about 9 o'clock in the evening and secured sleeping accommodations at an auto camp, where he met death by asphyxiation, in the following manner: He was suffering from a cold and, upon retiring to the cabin assigned to him, closed all windows and doors and lighted the gas heater, a heater properly adjusted and provided with a vent to insure the escape of poisonous gas caused by incomplete combustion. When he went to bed he failed to open any of the windows or doors, or to shut off the heater. Said heater, burning over a long period without ventilation, exhausted the fresh air in the room and caused his death from carbon monoxide poisoning. The next afternoon, as decedent had failed to put in an appearance, his cabin was forcibly entered. The heater was still burning "full tilt" and his body was found in the bed. Autopsy revealed that death resulted from the cause aforesaid.

Only two questions are presented. First, did the death of the employee occur in the course of his employment? Second, did such death arise out of the employment? Both elements must be present to sustain the award (Workmen's Compensation etc. Act, II Deering's Gen. Laws, Act 4749, sec. 6a).

There seems no reason for denial that the death of the employee occurred in the course of his employment. "As a rule commercial travelers may be regarded as acting in the course of their employment so long as they are traveling in their employer's business, including the whole period of time between their starting from and returning to their place of business or home." (Bradbury on Workmen's Compensation, p. 105.) Within this rule the traveler, when overtaken by night, may reasonably seek the protection of an inn and still be regarded as acting in the course of his employment.

But it is contended that there was no causal connection between any acts done by Monahan reasonably within the scope of his employment and the death which followed, and therefore that it cannot be said that the death arose out of the employment. Certainly it must be conceded that in connection with his occupancy of the cabin the employee might rea-

sonably arrange for his comfort and convenience by using the heater furnished for the purpose of regulating the temperature of the room. And if in connection with his use of those conveniences some accident should occur, the general rule would be that injury caused thereby would be injury arising out of the employment.

The contention here made by petitioner does not seriously question the rule as thus far stated. But petitioner says that the act of decedent in failing to ventilate the cabin or shut off the heater, when to any rational mind it would be patent that such course would inevitably bring about injury or death, was so unauthorized and unreasonable as, in effect, to remove him from the scope of his employment. It is practically impossible to distinguish this contention from a claim that the death of the employee was caused by his own negligence. We must conclude that petitioner refrains from admitting this fact because it is so well known that negligence of the employee is no defense to a compensation claim of the kind presented in this case.

It thus appearing that the Industrial Accident Commission acted entirely within the limits of its jurisdiction in this matter, the award is affirmed.

Langdon, J., Curtis, J., Waste, C. J., Shenk, J., and Thompson, J., concurred.

Rehearing denied.