Ginther *v.* J. P. Graham Transfer Co. et al., Appellants.

Argued March 26, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*James J. Burns, Jr.*, for appellant.

*George A. Baldwin*, with him *George A. Baldwin, Jr.,* of *Baldwin & Baldwin*, for appellee.

OPINION BY MR. JUSTICE PATTERSON, September 29, 1943:

This is an appeal involving the application of the Workmen's Compensation Law.

On the evening of February 13, 1939, Carl Ginther, employed by the J. P. Graham Transfer Company, appellant, as mechanic and truck operator, was ordered to make a delivery to the plant of the Townsend Company at Fallston, Pennsylvania, a distance of two and one-half miles from appellant's place of business. Robert D. Cooper and William Romigh, part time employees of appellant but not on duty that evening, accompanied him. Ginther did not follow the most direct route to Fallston but digressed a distance of about one-half mile and stopped at a roadhouse, known as the Clyde House. The period of time elapsing was about twenty minutes, during which Ginther and Romigh had a few drinks but did not become intoxicated. Upon leaving the Clyde House Romigh began to drive, Cooper sat in the middle, and Ginther on the right side of the seat. The merchandise was delivered and the return trip covered the same route. Upon approaching the Clyde House, Ginther ordered Romigh to stop the truck and he got out to assist a friend whose car had stalled. The trip was resumed shortly thereafter. No stop was made at the Clyde House

on this return trip. After having returned to the direct route and while proceeding thereon at a speed of about thirty-five miles per hour Ginther told Romigh he was going too fast and ordered him to slow down. Within a few seconds thereafter Romigh failed to negotiate a turn in the highway leading through a railroad underpass and crashed into an abutment. Ginther sustained injuries, as a result of which he died. Sara Ginther, appellee, widow of Carl Ginther, filed a claim petition with the Workmen's Compensation Board. J. P. Graham Transfer Company and its insurance carrier, Globe Indemnity Insurance Company, appellants, denied liability for the reason that the deceased was not in the course of employment at the time of the accident. It is argued, in support of this contention, (1) that he had violated specific instructions of the employer forbidding the use of intoxicants while on duty and carrying passengers; (2) that he had deviated from the direct route to the Townsend plant; and (3) that he permitted another, Romigh, to perform the duties entrusted to him. Compensation was awarded by the board. The Superior Court reversed the decision of the Common Pleas Court of Beaver County which set aside the award: *Ginther v. J. P. Graham Transfer Co.*, 149 Pa. Superior Ct. 635. This appeal followed.

We are all in accord with the conclusion of the Superior Court that there was no causal connection between the violation of orders relating to drinking while on duty and carrying passengers and the accident, and that deceased was not in the position of a trespasser: *Dickey v. Pittsburgh & Lake Erie R. R. Co.*, 297 Pa. 172, 175. The fact that there had been a deviation is immaterial. The evidence clearly shows that at the time of the accident the truck was being operated on the most direct route toward the employer's place of business: *Webb v. North Side Amusement Co.*, 298 Pa. 58. A majority of this Court, however, is of opinion that at the time of the accident deceased had removed himself from the course of his

employment by reason of his unauthorized delegation of the duty entrusted to him. When Ginther left the wheel and delegated its operation to another he completely abandoned his most important service to the employer and was not in the course of his employment within the meaning of the Workmen's Compensation Act.[1]

This is not a case where an emergency had arisen from which authority to so delegate a duty may be implied. See *Matzek v. United Storage & Trucking Co.,* 122 Pa. Superior Ct. 146. We are fully cognizant that this act is remedial and is to receive a liberal construction: *Ottavi v. Timothy Burke Stripping Co.,* 140 Pa. Superior Ct. 389, 395. There are certain limitations beyond which it was not the intention of the legislature to extend responsibility of an employer for injuries sustained by an employee. The act was never intended to make the employer an insurer of the safety of all employees. "The employer is not an insurer of the life and health of his employees; his liability for compensation is found only in the terms of that statute: *Lacey v. Washburn & Williams Co.,* 309 Pa. 574. To say that Ginther remained in the course of his employment under the circumstances here presented would deprive the employer of the control of his business and of the person to whom he had entrusted duties concomitant with the furtherance of that business. To permit an employee entrusted with the performance of a particular duty to delegate that duty to another, when he has no authority to so delegate, and no emergency making such an arrangement. necessary arises,[2] would tend to destroy the relation of master and

---

[1] The Act of June 2, 1915, P. L. 736, Art. III, section 301, as amended, provides that the term "injury by an accident in the course of his employment" shall include ". . . . injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer. . . ."

[2] When questioned as to whether Ginther was able to drive the truck, Romigh testified as follows (p. 44-a, notes of testimony): "Q. Was Carl able to drive this truck? A. Sure."

servant. It would permit the employee to remove from the employer all control over that employee and his activities, to which he is entitled by virtue of, and which is necessary to, the existence of the relation of master and servant. President Judge READER, in a well considered opinion, correctly held "The employee by such an act relinquishes control of the agency imposed upon him by the employer, and so long as that agency is under the control of the person to whom he has relinquished it, we think he is without the course of his employment."

Judgment reversed and here entered for the appellants.

DISSENTING OPINION BY MR. JUSTICE HORACE STERN :
The majority opinion concedes that even if there was any violation by Ginther of the positive orders of his employer (in regard to carrying passengers or drinking while on duty) such violation had no causal relation to the accident and therefore is without legal significance. It is said, however, that he "removed himself from the course of his employment by reason of his unauthorized delegation of the duty entrusted to him" in that he allowed Romigh (who was also a truck driver for Ginther's employer) to operate the truck on its homeward journey. In order to test the correctness of this ruling we must first, of course, ascertain what the "duty" was that was "entrusted to him," and what his "employment" was from the course of which he is said to have "removed himself." He was directed on the evening in question to make a delivery of some envelopes. This task he performed, and it then became his duty to see that the truck was returned to his employer's garage. He was so engaged when the accident happened. It is true that he had relinquished the actual mechanical operation to Romigh, but he, Ginther, remained in charge, continuing to sit on the front seat and superintending Romigh's driving. There is not a word in the testimony to indicate that in directing the operation instead of himself guiding the

wheel he was taking himself outside the duties or the scope of his employment. On the contrary, the Workmen's Compensation Board found as a fact that "there was no positive instruction [to Ginther] not to permit others to drive," and Romigh testified that Ginther was the "boss" whenever the employer was absent and had frequently ordered him, Romigh, to drive a truck. Under these facts it would seem clear that, in the words of Judge BALDRIGE, who wrote the opinion of the Superior Court. "It cannot be said that he [Ginther] had . . . abandoned his employment and become a trespasser so that he was not engaged in the furtherance of his employer's business at the time of the accident."

I would affirm the judgment of the Superior Court which upheld the award made by the Workmen's Compensation Board.

Mr. Chief Justice MAXEY concurs.