STANDISH PIPE LINE CO. v. JOHNSON et al.

No. 32362. June 11, 1946.

*169 P. 2d 1018.*

Don Emery, Rayburn L. Foster, and R. B. F. Hummer, all of Bartlesville, and Lloyd G. Minter and Cecil Hamilton, both of Oklahoma City, for petitioner.

Claud Briggs, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

OSBORN, J. This is an original proceeding brought by the Standish Pipe Line Company, petitioner, to review an award for permanent partial disability made by the State Industrial Commission against it in favor of the claimant, O. L. Johnson.

Petitioner makes two contentions: First, that there is no competent evidence in the record to show that claimant received an accidental injury on May 15, 1944, as found by the commission, and, second, that the commission erred in refusing to credit petitioner for wages paid claimant over and above the amount of compensation due claimant.

In its first contention petitioner asks that we review the evidence upon which the commission based its finding that claimant received an accidental injury on May 15, 1944. It is undisputed that claimant was employed by petitioner at the time and that such employment was a hazardous one, but petitioner contends that the evidence was wholly insufficient to sustain the award made by the commission and that under the rule announced in McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. 2d 32, and Cardwell Mfg. Co. v. Thomas, 192 Okla. 143, 134 P. 2d 562, whether claimant received an accidental injury is a jurisdictional question, and that in passing upon it this court will weigh the evidence and determine that question independently of the finding by the State Industrial Commission.

The true rule was expressed by this court in Oklahoma Gas & Electric Co. v. Santino, 158 Okla. 70, 12 P. 2d 221, as follows:

"The question of whether an injury arose out of and in the course of employment is one of fact to be determined by the Industrial Commission under the circumstances of each particular case, and where there is any testimony reasonably tending to support its finding, it will not be disturbed on an application to vacate the award."

See, also, LeFlore–Poteau Coal Co. v. Thurston, 184 Okla. 178, 86 P. 2d 284; Prairie Cotton Oil Co. v. State Industrial Commission, 187 Okla. 378, 102 P. 2d 944, and Sinclair-Prairie Oil Co. v. Stevens, 194 Okla. 109, 148 P. 2d 176.

In the instant case the evidence as to whether claimant sustained an accidental injury was conflicting, claimant and several witnesses testifying that he did receive such injury and that same was reported to his immediate foreman on the job. The evidence showed that claimant's back had previously been injured, which fact was known to petitioner, and petitioner's evidence tending to show that in reporting to his superiors that he was unable to work, claimant did not advise them that he had been injured, but merely stated that his back was in such condition that he could no longer perform his customary duties.

The Industrial Commission, upon conflicting evidence, found that an accidental injury was sustained by claimant, and there is evidence in the record to support such finding; therefore, the same will not be disturbed by this court.

Petitioner's second contention is based upon the fact that under its rules its employees were allowed a certain amount of what is designated "unavoidable absence time," for which time they were paid wages although they did not work; that claimant at the time of his injury was entitled to some 43 days' "unavoidable absence time," and that following his injury it was suggested that he discontinue work and take his "unavoidable absence time" and that petitioner would find him work of a nature which he could perform without reinjuring his back; that he followed this suggestion and drew "unavoidable absence time" until he became convinced that he would not be able to get a job of the nature promised by petitioner, whereupon he filed this proceeding. The evidence further shows that following the injury claimant was wholly incapacitated from working at the employment in which he had been theretofore engaged, and that the Industrial Commission in making the award allowed him the "unavoidable absence" payments in lieu of compensation for total temporary disability, and made the award for permanent partial

disability which petitioner seeks to review here. Petitioner does not contend that the amount so received by claimant was in excess of reasonable compensation for his temporary total disability, but contends that it should have received credit for such payments, citing in support of its contention Tulsa Rolling Mills Co. v. Krejci, 149 Okla. 103, 299 P. 225, and other cases holding that where an award is made for temporary total disability, wages paid to the employee during such period should be credited on the award. Under the facts in this case, as stated above, we think the cases cited by petitioner have no application to the situation here presented, and that the commission properly refused to make an award to claimant for temporary total disability, or to credit the payments so made as payments to claimant under the award for permanent partial disability. In the absence of any showing or contention that the amount so received by claimant was in excess of compensation to which he was entitled for temporary total disability, petitioner was in no way prejudiced by the action of the commission.

Award affirmed.

HURST, V.C.J., and RILEY, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.