232 P.2d 846

**HARRIS v. INDUSTRIAL COMMISSION et al.**

No. 5349.

Supreme Court of Arizona.

June 25, 1951.

George T. Wilson and Minne & Sorenson, all of Phœnix, for petitioner.

Donald J. Morgan, Phœnix (H. S. McCluskey & Robert E. Yount, Phœnix, of counsel), respondent, Industrial Commission.

STANFORD, Justice.

This case comes before us on certiorari to review an award of the respondent Industrial Commission denying compensation to petitioner, Ora M. Harris, widow of the deceased, Lloyd Wayne Harris.

At the time of his death, on August 6, 1949, deceased was employed as a foreman by the Asbestos Engineering & Supply Co. of Phœnix, Arizona, as an insulation worker. His home was also in Phœnix, but in his line of work he was compelled to travel to various points around the state, for which he was allowed certain travel time for the time spent in traveling between his home and particular place of employment,

compensation being paid on the basis of his regular hourly wage.

In addition to the home in Phœnix, deceased also maintained a cabin, which was located near Signal Peak, some 15 miles from the city of Globe, Arizona, where he and his family often spent the summer weekends. The cabin was reached by means of a dirt road from Globe, the road ending beyond the cabin at some abandoned mines.

For several days preceding his death, deceased has been working in Morenci, in the eastern part of Arizona. Before going to Morenci, deceased made arrangements with his wife, petitioner herein, to meet her at the cabin on August 6, which was Saturday, and spend a few days there. On the morning of August 6, petitioner, who was then in Phœnix, decided not to go to the cabin because of illness in the family, and did not keep the appointment. When the deceased completed his job at Morenci on Saturday afternoon, he started for the cabin. He reached Globe and had traveled up the dirt road some ten or eleven miles when his car left the road and plunged down a steep cliff, from which he suffered multiple crush fractures, resulting in his death. His body was not found until the following Wednesday.

Petitioner filed the usual widow's claim for compensation which the commission denied on the ground that deceased suffered no injury from accident arising out of and in the course of his employment. On rehearing, the original findings and award were affirmed.

While it is a general rule that an employee is not to be compensated for injury occurring during the journey to or from his place of employment, it is a widely accepted and well-known exception that where the work is of such a nature that it creates the necessity of travel on the part of the employee, or where the employer compensates the employee for travel to and from work, the employee is protected by the Workmen's Compensation Act, A.C.A.1939, § 56–901 et seq., and entitled to compensation for injury resulting therefrom. Butler v. Industrial Comm., 50 Ariz., 516, 73 P.2d 703. See also annotations in 20 A.L.R. 319, 49 A.L.R. 454, 63 A.L.R. 469; Kobe v. Industrial Accident Comm., 35 Cal.2d 33, 215 P.2d 736, and cases cited therein.

The cases holding that the workman is protected by the Act while traveling to and from work, compensation being paid for such travel, reach that conclusion by an inference that the workman remains "on the job" during the time spent in the journey between his home and place of employment. Kobe v. Ind. Acc. Comm., supra.

The only question presented in the present case is whether the accident causing the death of deceased arose out of and in the course of his employment or whether his turning off the main highway at Globe and traveling toward the cabin was such a

departure from the contemplated normal course of travel that it removed him from coverage under the Act.

The evidence showed that the company had established a standard travel time between Phœnix and Morenci of eight hours. This meant that the deceased was paid for eight additional hours for each of such trips whether the actual travel time was more or less than eight hours. The home of the deceased was in Phœnix, and he had not abandoned that home nor changed his residence. It is clear that his intention was only to spend a short time at the cabin. His time card appearing in the record, shows that the company allowed him eight hours on Saturday as compensation for the trip to his home at Phœnix. It is of course absurd to assume that he was compensated for an eight hour journey, whatever the direction. We think it beyond question that no coverage would have been extended had the deceased started east, going to El Paso or some other destination equally remote, instead of driving toward Phœnix. We think it also beyond question that the protection of the Act was in effect while the deceased was driving from Morenci to Globe, being the usual route to Phœnix. While we do not hold that an employee traveling to and from work, such as the deceased, must take a specific route and make no detours whatsoever in order to retain the protection of the Act, we are indeed of the opinion that it is possible for the employee to so deviate from the anticipated course of travel, in going from his home to work and returning, as to remove himself from its benefits. Of course the decisions in each of such cases must rest entirely on its own facts and circumstances, and cannot be controlled by an arbitrary rule.

We are, however, of the opinion that the journey from Globe to the cabin by the deceased was such a departure from the course of travel anticipated, and from the travel allowed for by his employer as to remove him from the protection of the Act and place him on his own. Indeed any other solution would be disastrous as it would allow such an employee the enjoyment of unlimited freedom under the guise of a "homeward journey", while protected by the provisions of the Act.

We hold that the commission was right in determining that the accident causing the death of deceased was not one resulting from accident arising out of and in the course of his employment.

Award affirmed.

UDALL, C. J., and PHELPS, DE CONCINI and LA PRADE, JJ., concur.