[Civ. No. 7956. Third Dist. Jan. 7, 1952.]

HARTLAND KENNETH DALGLEISH, Respondent, v. NORMAN HOLT, Appellant.

562

Miller, Kroloff & Brown and Francis Mackey, Jr., for Appellant.

Smith & Zeller for Respondent.

VAN DYKE, J.—Plaintiff-respondent brought this action against defendant-appellant to recover damages for personal injuries sustained as a result of an automobile accident which occurred while plaintiff was riding in an automobile owned and operated by defendant. The jury returned its verdict

in favor of appellant and against respondent. Respondent's motion for a new trial was granted upon the ground of error in law occurring at the trial. It appears from the record and the briefs on file that the trial court based the error upon certain instructions given at the request of appellant.

Appellant first contends that the order granting a new trial should be reversed for the reason that the evidence would not support a judgment in favor of respondent as a matter of law. In this connection the appellant asserts that the evidence conclusively shows that at the time of the injury the respondent was an employee of the appellant acting within the scope of his employment, and therefore the Industrial Accident Commission had exclusive jurisdiction of the matter.

The rule to be applied has been recently stated by this court in *Martin* v. *Smith,* 103 Cal.App.2d 894, 897 [230 P.2d 679], where it was said that "an appellate court will not reverse an order of a trial court granting or refusing a new trial unless it can be said as matter of law that there was no substantial evidence to support a judgment for the moving party, or that there was a clear or manifest abuse of discretion on the part of the trial court in granting the new trial." (See, also, *Mazzotta* v. *Los Angeles Ry. Corp.,* 25 Cal.2d 165, 168 [153 P.2d 338]; *Yost* v. *Johnson,* 91 Cal. App.2d 849 [206 P.2d 13]; *Rembold* v. *Goodwin,* 93 Cal. App.2d 605 [209 P.2d 402].)     We are also guided by the rule that "upon an appeal from an order granting a new trial, all presumptions favor the order as against the verdict." (*Mazzotta* v. *Los Angeles Ry. Corp., supra.*)

Testing this case by the above principles, we hold there was evidence which would sustain a decision in favor of respondent. It is undisputed that respondent was in the employ of the appellant at the time of the injury, and the main question is whether he was acting within the scope of his employment at the time the injury occurred. The evidence introduced by him, if believed, is sufficient to show that he, at the time of the accident, was engaged in a course of action entirely without the scope of his employment, and in no way connected therewith, or incidental thereto.

Viewing the evidence and all reasonable inferences deducible therefrom in favor of the respondent, the record shows the following: The appellant manufactured neon signs in Stockton, California, and respondent was one of his salesmen. On the day of the accident, the appellant, the respondent and another employee went to Sonora, California, in appel-

lant's automobile. As a general rule, respondent traveled in his own automobile and paid all expenses during travel in the course of his employment. On the day of the accident he had not planned to go to Sonora and had no appointments there. He went on the invitation of the appellant. The parties arrived in Sonora around 12:30 p.m. and respondent called on some of his customers in the afternoon. Appellant and the other employee worked elsewhere. The parties ended. their respective duties for the day around 6 o'clock p.m. Respondent was informed by the appellant that he (the appellant) had to remain overnight in Sonora to attend to some business the following day. Respondent had no assignments to perform in Sonora the following day, and he could have returned to Stockton by bus. But appellant asked respondent if he wanted to stay in Sonora overnight, telling him that he might as well stay and have a little fun that evening. Thereafter all went into the Mountain Club and had a couple of drinks. While in this establishment the appellant stated, "Well, let's—if it's O.K. with you fellows, we'll call it a day and go farther up in the mountains and have ourselves some fun," and suggested going to the El Nido Inn where they could drink, eat, and gamble as they might desire. They departed for the El Nido in the company of Mr. Rieben, the owner of that establishment. They remained at El Nido for approximately an hour. Respondent and the other employee had a drink at the bar and the appellant engaged in a dice game. Dinner was not being served at El Nido and so, accompanied by Mr. Rieben, they all returned to Sonora to obtain food. On the return trip the appellant lost control of the car, and respondent was injured in the accident which followed. No business was discussed or transacted at the Mountain Club or El Nido. Mr. Rieben was not a customer. Respondent often went out socially with appellant, which was entirely aside from business matters.

We are satisfied that the above evidence would support a finding that at the time of the accident plaintiff-respondent was not acting within the scope of his employment. Section 3600 of the Labor Code provides:

"Liability for the compensation provided by this division, in lieu of any other liability whatsoever to any person except as provided in section 3706, shall, without regard to negligence, exist against an employer for any injury sustained by his employees arising out of and in the course of the employ-

ment . . . , in those cases where the following conditions of compensation concur:

"(a) Where, at the time of the injury, both the employer and the employee are subject to the compensation provisions of this division.

"(b) Where, at the time of the injury, the employee is performing service growing out of and incidental to his employment and is acting within the course of his employment.

"(c) Where the injury is proximately caused by the employment, either with or without negligence.
. . . . . . . . . . . . . . ."

██ The principles set forth in *Robbins* v. *Yellow Cab Co.*, 85 Cal.App.2d 811 [193 P.2d 956], are applicable here. The court stated at page 813:

"Compensation may be awarded by the commission only for an injury 'arising out of and in the course of the employment.' (Lab. Code, § 3600.) For the injury to occur in the 'course of the employment' the employee must be engaged in the work he has been hired to perform; it must occur within the period of his employment and at a place where he may reasonably be for that purpose while engaged in the performance of his duties or while doing something necessarily incident thereto. (*Griffin* v. *Industrial Acc. Com.*, 19 Cal. App.2d 727, 732 [66 P.2d 176].) In order for an industrial injury to come within the purview of the Workmen's Compensation Act the personal activity of the employee must have been the natural incident of his duties or a momentary interruption thereof. The voluntary visit of an employee to the premises of his employer for the purpose of attending to a strictly personal matter is not such an act as the employee might reasonably be expected to do in the performance of his duties. (*State Department of Institutions* v. *Industrial Acc. Com.*, 46 Cal.App.2d 439, 442 [116 P.2d 79].) The statute makes this more specific by providing that the employee must be 'performing service growing out of and incidental to his employment.' (Lab. Code, § 3600(b).) Thus, generally, the employee must be performing acts within the scope of his duties and in conformity with the directions of his employer.

"Another basic requirement for a compensation award is that the injury must be one arising out of the employment, or that it must be 'proximately caused by the employment.' (Lab. Code, § 3600(c).) The test for determining whether the Workmen's Compensation Act is applicable to the claim

of an injured employee excludes an injury which comes from a hazard to which the workman would be equally exposed apart from the employment. (*Kimbol* v. *Industrial Acc. Com.*, 173 Cal. 351, 353 [160 P. 150, Ann.Cas. 1917E 312, L.R.A. 1917B 595].)''

As a general rule a commercial traveler is regarded as acting within the course of the employment during the entire period of his travel upon his employer's business. His acts in traveling, procuring food and shelter are all incidents of the employment, and where injuries are sustained during the course of such activities, the Workmen's Compensation Act applies. (See *California C. I. Exch.* v. *Industrial Acc. Com.*, 5 Cal.2d 185 [53 P.2d 758]; *Pacific Emp. Ins. Co.* v. *Industrial Acc. Com.*, 19 Cal.2d 622 [122 P.2d 570, 141 A.L.R. 798].) However, this rule does not embrace all activities of a commercial traveler irrespective of their connection with the purposes of the employment. The conditions essential to compensation as set forth in section 3600 of the Labor Code apply equally to traveling employees; the status of an employee as a traveling salesman does not change a course of action which is not within the scope of the employment to one that is. In the present case the trier of the fact could have concluded that the plaintiff's activities during the evening of the accident amounted to a purely personal undertaking bearing absolutely no relation to the purposes of the employment. The fact that the employer was also active in the social intercourse of the evening would not necessarily compel a different conclusion. Where, as here, there is a conflict in the evidence on the issue of whether the injury occurred during the course of the employment, the issue is one of fact. (*Industrial Indem. Exch.* v. *Industrial Acc. Com.*, 26 Cal.2d 130, 136 [156 P.2d 926].)

Respondent's motion for a new trial was granted for error in law, claimed to have been committed when the court gave, at appellant's request, an instruction on the burden of proof. The instruction read as follows:

''In civil actions—and this is a civil action—the party who asserts the affirmative of an issue must carry the burden of proving it, *and in this case, that party is the plaintiff, DOUG-LAS DALGLEISH.* In other words, the burden of proof as to that issue is on that party. This means that if no evidence were given on either side of such issue, your finding as to it would have to be against that party. When the evidence is contradictory, the decision must be made according to the

preponderance of evidence, by which is meant such evidence as, when weighed with that opposed to it, has more convincing force, and from which it results that the greater probability of truth lies therein. Should the conflicting evidence be evenly balanced in your minds, so that you are unable to say that the evidence on either side of the issue preponderates, then your finding must be against the plaintiff, DOUGLAS DALGLEISH.'' (Italics ours.)

Immediately following the above instruction, the court told the jury:

''Herein there are several issues for determination by you as the jury:

''First; whether or not at the time and place of the said accident, the plaintiff KENNETH DALGLEISH was acting within the course and scope of his employment.

''If you find in the affirmative on this issue that the plaintiff was acting within the scope of his employment at said time and place, then in that event your verdict must be in favor of the defendant and you need not concern yourself with the next issue I am about to relate to you;

''Secondly, if you find that plaintiff was not acting within the scope of his employment at the time of said accident, then the next issue to be determined is whether or not defendant, NORMAN HOLT, was guilty of willful misconduct.

''If on this issue it is determined by you that the defendant, NORMAN HOLT, was not guilty of willful misconduct, your verdict must be in favor of defendant.''

The jury were asked to specially answer as to whether respondent was acting in the course and scope of his employment and their answer was affirmative.

Appellant had pleaded as a special defense that at the time of the accident plaintiff was an employee acting within the scope of his employment and that therefore the Industrial Accident Commission had exclusive jurisdiction. There was no instruction that defendant had the burden of proving the affirmative defenses asserted by him. ■ As a general rule, the claim that the injury is within the Workmen's Compensation Act is an affirmative defense. (*Butler* v. *Wyman,* 128 Cal.App. 736, 739 [18 P.2d 354].)

■ In granting a motion for a new trial on the ground that the jury were wrongly instructed much rests within the sound discretion of the trial court. As was said in *Mazzotta* v. *Los Angeles Ry. Corp., supra,* at page 170:

''Much is committed to the discretion of the trial judge in

determining a motion for a new trial which is made upon the ground of asserted error in instructions. She [the court] was in a position to determine far more accurately than an appellate court the effect of a particular instruction upon the jury. . . .''

From the instructions given the jury might well have concluded that the burden of proof in respect of appellant's affirmative defense rested on respondent. It did not. And we think the trial court acted within its discretion when it granted a new trial.

The order appealed from is affirmed.

Peek, J., and Schottky, J. pro tem., concurred.

A petition for a rehearing was denied January 24, 1952, and appellant's petition for a hearing by the Supreme Court was denied March 6, 1952.