TRANS–TEX DRILLING COMPANY and Old Republic Insurance Company, Petitioners,

v.

Mary V. PITTSER, The Estate of Dan O. Pittser, deceased, and the Oklahoma State Industrial Commission, Respondents.

No. 37195.

Supreme Court of Oklahoma.
June 5, 1956.

Spencer W. Lynn, Oklahoma City, for petitioners.

Paul Harkey, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

Mary V. Pittser, hereinafter called claimant, filed her claim against Trans-Tex Drilling Company, employer, and Old Republic Insurance Company, its insurance carrier, for compensation under the death benefit provisions of the Workmen's Compensation Law. 85 O.S.1951 § 1 et seq. An award was made for the maximum amount and the petitioners have brought this proceeding to review said award.

Dan Pittser, hereinafter called deceased, was a mechanic in the employ of the Trans-Tex Drilling Company. He lived at Long-

view, Texas. He had been stationed at Marlow, Oklahoma, since September, 1953. He spent Christmas with his wife and daughter at the home of his daughter in Dallas, Texas. He left there at eleven o'clock Sunday morning. He stayed all night at Marlow and the next morning, December 27, 1954, had breakfast at a cafe, took a lunch that had been packed for him and started for a well owned and operated by the employer thirty miles east of Marlow. Eight and one-half miles east of Marlow he was killed when his company owned pickup truck overturned.

In a single proposition it is argued that the State Industrial Commission erred in finding that the death arose out of and in the course of the employment.

In Baash-Ross Tool Co. v. State Industrial Commission, Okl., 289 P.2d 659, 660, we considered a case in which an employee engaged in cleaning out a well was stationed away from home and on the way to a cafe to eat the evening meal was killed in a motor vehicle accident. Therein we stated:

> "The question of whether an injury arose out of and in the course of employment is one of fact to be determined by the Industrial Commission under the circumstances of each particular case, and where there is any testimony reasonably tending to support its finding, it will not be disturbed on an application to vacate the award."

Petitioners cite Oklahoma Gas & Electric Co. v. Stout, 179 Okl. 312, 65 P.2d 477. Therein the employee was on regular hours and the opinion states the employee had quit work and was on his way home. In the case under consideration neither of these facts was present. Deceased was given the pickup truck for his convenience in traveling and it was maintained and operated at the expense of the employer. He had no regular hours of employment but was subject to call at any time. In an annotation in 100 A.L.R. at page 1053, there are considered cases in which traveling is a part of the work of the employee. Among cases in point found in subsequent annotation are: Dauphine v. Industrial Accident Commission, 57 Cal.App.2d 949, 135 P.2d 644; Parr v. New Mexico State Highway Department,

54 N.M. 126, 215 P.2d 602; Kobe v. Industrial Accident Commission, Cal., 215 P.2d 736. In the latter case it is stated that the fact that the employer paid the employee a specific amount to cover the time required to travel to and from work warranted a finding that the accidental injury which occurred during such time arose out of and in the course of the employment. In the case under consideration we have a stronger case. Deceased was neither on the way to or on the way from his home. He was stationed at Marlow as a part of his work. Traveling in the pickup truck was for the convenience of himself and his employer and a part of his work. The president of the drilling company who employed deceased stated that deceased was on the job twenty-four hours a day. He was an expert mechanic whose duties on many occasions required him to work at night. Under the facts in the instant case we are of the opinion that at the time of the accidental injury he was within the scope of his employment and that the said injury arose out of same.

Award sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and DAVISON, BLACKBIRD, JACKSON and HUNT, JJ., concur.