OKLAHOMA STATE HIGHWAY DEPART-
MENT and State Insurance Fund,
Petitioners,

v.

Clara MOYER, Administratrix of the Es-
tate of James Edward Hughes, Deceased,
and the State Industrial Commission of
the State of Oklahoma, Respondents.

No. 36209.

Supreme Court of Oklahoma.

Oct. 9, 1956.

Mont R. Powell, Anthony R. Kane, Wil-
liam R. Saied, Oklahoma City, for peti-
tioners.

Lee Welch, Antlers, Mac Q. Williamson,
Atty. Gen., for respondents.

HALLEY, Justice.

This is a proceeding brought by the Okla-
homa State Highway Department and its
insurance carrier, State Insurance Fund, to
review an award made under the death
benefit provision of the Workmen's Com-
pensation Law, 85 O.S.1951 § 1 et seq., to
Clara Moyer, administratrix of the estate
of James Edward Hughes, deceased. The
award was in the maximum amount of
$13,500.

The record discloses that on February
11, 1953, James Edward Hughes was em-
ployed as a traffic checker for the Okla-
homa State Highway Department. Hughes
had spent the night before the accidental
injury at a tourist camp at Shawnee, Okla-
homa. He was furnished a pickup coupe by
the State Highway Department and ex-
penses for its operation and upkeep were

paid by the Highway Department. The pickup was painted the usual yellow and black design. Roger M. Mitchell, the direct supervisor or superintendent of Hughes, states that this motor vehicle was assigned to Hughes and used by him in the course of his duties. On the morning of February 11, 1953, Hughes was killed when his motor vehicle collided with another near the Shawnee Courts where he had spent the night. The collision occurred between 9 and 10 o'clock A.M.

In a single proposition it is argued that the State Industrial Commission erred as a matter of law in finding that the death arose out of and in the course of the employment.

In Baash-Ross Tool Co. v. State Industrial Commission, Okl., 289 P.2d 659, 660, we considered a case in which an employee was engaged in cleaning out a well. He was stationed away from home and on his way to eat the evening meal he was killed in a motor vehicle accident. Therein we stated:

"The question of whether an injury arose out of and in the course of employment is one of fact to be determined by the Industrial Commission under the circumstances of each particular case, and where there is any testimony reasonably tending to support its finding, it will not be disturbed on an application to vacate the award."

Petitioners cite Cochran v. Maassen Tool & Supply Co., 204 Okl. 60, 226 P.2d 953. In that case the evidence strongly indicated that claimant was making a trip for personal reasons and any evidence of anything done for the employer was a mere incident of the personal trip. There was no indication in the case under consideration that Hughes was on a personal errand. The only evidence offered tending to disclose what his immediate intentions were was given by a highway patrolman who talked to Hughes immediately prior to his death and to whom Hughes stated he was on his way to his next place for checking cars. In Trans-Tex Drilling Co. v. Pittser,

Okl., 298 P.2d 446, 447, this Court sustained an award in favor of the wife where the husband was killed in an automobile accident while driving from Marlow, Oklahoma, where he was stationed on a well where he intended to do some work. Therein we stated:

"* * * In an annotation in 100 A.L.R. at page 1053, there are considered cases in which traveling is a part of the work of the employee. Among cases in point found in subsequent annotation are: Dauphine v. Industrial Accident Commission, 57 Cal.App.2d 949, 135 P.2d 644; Parr v. New Mexico State Highway Department, 54 N.M. 126, 215 P.2d 602; Kobe v. Industrial Accident Commission, [35] Cal. [2d 33], 215 P.2d 736. In the latter case it is stated that the fact that the employer paid the employee a specific amount to cover the time required to travel to and from work warranted a finding that the accidental injury which occurred during such time arose out of and in the course of the employment. In the case under consideration we have a stronger case. Deceased was neither on the way to or on the way from his home. He was stationed at Marlow as a part of his work. Traveling in the pickup truck was for the convenience of himself and his employer and a part of his work. * * *"

The supervisor, Mitchell, testified that as an employee checking cars for the State Highway Department in the Traffic Division Hughes made out his reports after stopping his checking for the day. This was generally done in the evenings; that the prior day's check was found on the forms provided for the same in the automobile driven by Hughes at the time of his death.

The evidence sustains the finding of the Commission that the accidental injury arose out of and in the course of employment.

Award sustained.