CHARLES H. STANFORD, Inc., and Commercial Standard Insurance Company, Petitioners,

v.

Richard W. GREGORY and the State Industrial Commission, Respondents.

No. 37449.

Supreme Court of Oklahoma.

Nov. 7, 1956.

Rehearing Denied Dec. 4, 1956.

Butler, Rinehart & Morrison, Oklahoma City, for petitioners.

Rex H. Holden, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

In this proceeding Charles H. Stanford, Inc., employer, and its insurance carrier, Commercial Standard Insurance Company, petitioners, seek to have reviewed an award made by the State Industrial Commission to Richard W. Gregory, hereinafter called claimant.

The Employer was engaged in building houses in Wichita Falls, Texas. Claimant was a sheet rock worker and was under the direction and supervision of George Gatlin who had employed him as a sheet rock worker for the employer. Claimant had been working for the employer about eighteen days. The ordinary procedure was to finish a house or a group of houses and wait until another house, or other houses, were ready to finish. The work week was figured from one Friday through the next one, and pay day was each Friday. Work on the last of the houses here involved, was finished on a Thursday. Claimant had his own transportation which consisted of an automobile, pulling a two wheel trailer, on which he carried his tools and a stove. He testified that he used the stove to heat the houses and that it kept the materials used in the sheet rock process from freezing. After finishing his work on the Thursday in question, he started back to Oklahoma City where he lived. When he had driven to a point near Waurika, Oklahoma,

a tire on the trailer blew out. He disconnected the trailer and left it at Waurika. On Monday morning, February 20, 1956, in answer to a telephone call from Gatlin to his wife, he left Oklahoma City for Wichita Falls and stopped at Waurika to pick up the trailer. While airing the tire on the trailer, he sustained the accidental injury resulting in the disability for which the award was made.

Claimant testified that he discussed his employment originally with Gatlin. He told Gatlin he would have to have extra compensation for going from Oklahoma City to Wichita Falls, Texas, and back, and was told by Gatlin that he would receive straight time from the time he left Oklahoma City until he returned there.

In a single issue, petitioners argue that the Commission erred as a matter of law in finding that the accidental injury arose out of and in the course of employment. The cause of the injury and extent thereof are not issues in this proceeding. Petitioners cite, among other cases, Mansfield v. Industrial Service Co., 203 Okl. 384, 222 P.2d 373, wherein an award was denied claimant who was injured while at home during the Christmas Holidays.

■ In Harris v. Industrial Commission, 72 Ariz. 197, 232 P.2d 846, 847, it is stated:

> "While it is the general rule that an employee is not to be compensated for injury occurring during the journey to or from his place of employment, it is a widely accepted and well-known exception that where the work is of such a nature that it creates the necessity of travel on the part of the employee, or where the employer compensates the employee for travel to and from work, the employee is protected by the Workmen's Compensation Act, A.C.A. 1939, § 56-901 et seq., and entitled to compensation for injury resulting therefrom. Butler v. Industrial Comm., 50 Ariz. 516, 73 P.2d 703. See also annotations in 20 A.L.R. 319, 49 A.L.R. 454, 63 A.L.R. 469; Kobe v. Industrial Accident Comm., 35 Cal.2d 33, 215 P.2d 736, and cases cited therein."

The above quotation contains the general rule and has been followed in Sapulpa Refining Co. v. State Industrial Commission, 91 Okl. 53, 215 P. 933, wherein a pipe line walker whose time started when he left home was awarded compensation for an injury received while on his way to work. The applicable cases are annotated in 87 A.L.R. 250, and cases under the general rule are listed in supplements thereto.

■ There is competent evidence reasonably tending to support the finding that claimant was to be paid for the time consumed in traveling to and from Oklahoma City and that therefore the accidental injury arose out of and in the course of the employment.

■ Petitioners argue that the testimony of claimant is uncorroborated, and that three witnesses for petitioners denied that any such agreement was made with claimant. They say this court should weigh the evidence. Only one of these witnesses was in a position to state whether or not the agreement was made with claimant. The other two witnesses acting in a managerial capacity testified that it was not a custom of the company to make any such agreement. We cannot review the evidence to determine the weight thereof. In Trans-Tex Drilling Co. v. Pittser, Okl., 298 P.2d 446, 447, it is stated:

> "The question of whether an injury arose out of and in the course of employment is one of fact to be determined by the Industrial Commission under the circumstances of each particular case, and when there is any testimony reasonably tending to support its finding it will not be disturbed on an application to vacate the award."

See to the same effect Standish Pipe Line Co. v. Johnson, 197 Okl. 238, 169 P.2d 1018. Therein it is stated:

> " * * * It is undisputed that claimant was employed by petitioner at the time and that such employment was a hazardous one, but petitioner contends that the evidence was wholly insufficient to sustain the award made by the

Commission and that under the rule announced in McKeever Drilling Co. v. Egbert, 170 Okl. 259, 40 P.2d 32, and Cardwell Mfg. Co. v. Thomas, 192 Okl. 143, 134 P.2d 562, whether claimant received an accidental injury is a jurisdictional question, and that in passing upon it this court will weigh the evidence and determine that question independently of the finding by the State Industrial Commission.

"The true rule was expressed by this court in Oklahoma Gas & Electric Co. v. Santino, 158 Okl. 70, 12 P.2d 221, as follows:

" 'The question of whether an injury arose out of and in the course of employment is one of fact to be determined by the Industrial Commission under the circumstances of each particular case, and, where there is any testimony reasonably tending to support its finding, it will not be disturbed on an application to vacate the award.' "

Award sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, JACKSON and CARLILE, JJ., concur.